1. **Appeal and error ⟺836—As affects review, all judgments may be classified as either judicial fact findings or as rulings based on judicial discretion.**

As affects review, judgments of any tribunal created by law may be classified as judgments rendered in pursuance of its power to make judicial fact findings, or as rulings based on a judicial discretion committed to it.

2. **Appeal and error ⟺1010(1)—Action of appellate court, reviewing judgment based on judicial fact findings, is determined by whether judgment is supported by findings.**

Action of appellate court, reviewing judgment pursuant to judicial fact findings, is determined by question whether judgment is supported and warranted by fact findings on which it rests.

3. **Appeal and error ⟺946—Where judgment is ruling based on judicial discretion, review goes only to mode of exercise of discretion, to determine whether there was abuse of it.**

Where judgment is ruling based on judicial discretion committed to tribunal entering it, review extends only to mode of exercise of such discretion, in order to determine whether or not there was an abuse of it.

4. **Intoxicating liquors ⟺69—Grant or refusal of permit is executive "administerial act," involving exercise of quasi judicial discretion, and not absolute power to grant or refuse permit arbitrarily (Comp. St. § 10138¼ et seq.).**

Grant or refusal of permit under the National Prohibition Act (Comp. St. § 10138¼ et seq.) is an executive "administerial act," performed in the exercise of a quasi judicial discretion vested in permit authorities, though power given is not an absolute power to grant or refuse permit arbitrarily or whimsically, but one exercise of which is controlled by a sound judicial discretion.

5. **Intoxicating liquors ⟺72—Question on review of order denying permit is not one of correctness of fact findings, but question of abuse of judicial discretion. (National Prohibition Act [Comp. St. § 10138¼ et seq.].)**

The appellate question, on review of an order denying permit under the National Prohibition Act (Comp. St. § 10138¼ et seq.), is not one wholly of the correctness of the fact findings made, but one whether there has been an abuse of judicial discretion.

6. **Intoxicating liquors ⟺108(10)—Revocation of permit, being based on finding following citation, is reviewed as fact finding, rather than as exercise of discretion.**

Since an order revoking permit can be made only after finding following citation prescribed by Prohibition Act, review in such cases is review of a fact finding, rather than review of exercise of discretion.

In Equity. Suit by William Fox, individually and trading as the Wil-Fox Manufacturing Company, against David H. Blair and others. Bill dismissed.

See, also, 20 F.(2d) 233.

John W. Crolly, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. This is a bill to review the action of the department in refusing a permit to withdraw alcohol. The cause began as a motion for a preliminary injunction. The motion was by consent temporarily held until the department could give a hearing to the applicant and thus make up a record of fact findings. This was followed by insistence upon the order of refusal. The cause was then taken up as upon a review of that order. At the request of the defendants, the case was referred back to the department, so that further evidence might be introduced. There was again insistence upon the order of refusal. The case was then brought back into this court, to be heard as upon final hearing upon the evidence of record. It is high time that the case be brought to a conclusion.

Some time ago there was formulated, with the sanction of all the members of the court, a series of five propositions bearing upon the review of permit orders, revocations, forfeiture proceedings, libels, and search warrant seizures. For the information of the bar and parties interested, these propositions are appended to this opinion, so as to be published.

These propositions relate to procedure. There are other propositions bearing upon the substantive law in cases of permits, which we think should likewise be formulated and made public, with the like sanction of all the members of the court. These proposi-

tions have a direct bearing upon the ruling in the instant case and are as follows:

[1] 1. The judgments of any tribunal created by law may be classified as judgments rendered in pursuance of its power to make judicial fact findings, based upon the evidence before it, or as rulings based upon a judicial discretion committed to it.

[2, 3] 2. In cases of the first class, the action taken on appellate review is determined by the answer to the question of whether the judgment rendered is supported and warranted by the fact findings on which it rests; in cases of the second class, the review is of the mode of exercise of a judicial discretion, in order to determine whether or not there has been an abuse of it.

[4] 3. In permit cases (such as that before us), the grant or refusal of a permit is an executive administrative act, performed in the exercise of a quasi judicial discretion committed to the permit authorities. The power given is not an absolute power to grant or refuse a permit, nor one to be arbitrarily or whimsically exercised, but is one whose exercise is to be guided and controlled by a sound and reasonable judicial discretion.

[5] 4. The appellate question, on review of an order of permit refusal, is not one wholly of the correctness of the fact findings made from the evidence, but one of whether there has been an abuse of judicial discretion in the judgment of refusal. The rule is akin to that applied in the appellate review of the judgments of a trial court entered in puruance of the exercise of a judicial discretion committed to it.

[6] 5. An order of revocation of a permit can be made only after a finding following the citation, as prescribed by the act of Congress. The review in such cases is of a fact finding made under all the evidence, and the review of it follows the analogue of the appellate review of a finding made by any trier of the facts.

### Discussion.

The special features of this particular case were fully discussed on the motion for a preliminary injunction ([D. C.] 20 F.[2d] 233), to which we see no occasion to add anything.

### Conclusion.

The conclusion reached is that there has been no abuse of the discretionary power committed to the permit authorities.

The bill is accordingly dismissed.